**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose CASTRO–GAXIOLA, Defendant— Appellant.**

**No. 02–50118.**
**D.C. No. CR–01–02373–JKS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided March 5, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM *

Jose Castro–Gaxiola appeals his conviction for importation of marijuana in violation of 21 U.S.C. §§ 952, 960 and possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

At trial, the prosecutor noted discrepancies between Castro's trial testimony and that of a government agent, and asked Castro, over repeated defense objections, whether the government agent "got it wrong," "misunderstood," or if the agent's testimony was simply "not true." Because this line of questioning was tantamount to asking Castro whether the government agent was lying, it is reversible error. *United States v. Geston,* 299 F.3d 1130,

1137 (9th Cir.2002). The responsibility to evaluate witness veracity must rest solely with the jury, and forcing a criminal defendant to comment on the credibility of a government agent impermissibly influences the jury's determination. *United States v. Sanchez,* 176 F.3d 1214, 1220 (9th Cir.1999); *see also United States v. Henke,* 222 F.3d 633, 643 (9th Cir.2000).

This error was not harmless because it undercut the sole defense presented at trial—that of duress. Castro claimed that the man who had previously paid him to smuggle drugs demanded he transport this load to make up for the one lost at the prior arrest, threatening to harm him and his family if he refused. Castro was the sole witness who could testify as to this defense. "In a case where witness credibility was paramount, it was plain error for the court to allow the prosecutor to persist in asking witnesses to make improper comments upon the testimony of other witnesses." *Geston,* 299 F.3d at 1137.

The government contends that its cross-examination involved only a minor factual matter, and was thus harmless. The size of discrepancy, however, alters neither the impact the improper questioning had on the defendant's credibility, nor the rule that "the prosecution is not allowed to use improper tactics." *United States v. Sarkisian,* 197 F.3d 966, 990 (9th Cir.1999). "The prosecuting attorney represents a sovereign whose obligation is to govern impartially and whose interest in a particular case is not necessarily to win, but to do justice. It is the sworn duty of the prosecutor to assure that the defendant has a fair and impartial trial." *Com. of North-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We grant Appellant's Motion to Strike Government Exhibits A and B to the Response Brief, but deny his Motion to Strike Government's Supplemental Excerpts of Record. We deny Appellee's Motion to Augment the Record.

*ern Mariana Islands v. Bowie,* 236 F.3d 1083, 1089 (9th Cir.2001) (internal quotations and citation omitted).

REVERSED and REMANDED.

KOZINSKI, Circuit Judge, dissenting.

My colleagues and I agree that a prosecutor can't ask a defendant to comment on the credibility of other witnesses. *See, e.g., United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002). But here, the prosecutor asked defendant whether the government witness was wrong, not *why* he was wrong. Defendant thus didn't have to comment on character or credibility; he only had to answer–as he surely could do–whether the other witness's responses were *accurate.* (Incidentally, that's all he did.)

The question here is admittedly close; we don't disagree on the law to apply or what that law means; we only part on the interpretation of a few simple questions. Nonetheless, because I don't see how asking whether an agent "got it wrong" or offered testimony that was "not true"– meaning not correct–is the same as asking whether the agent lied, I respectfully dissent.